THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charles Owens, Respondent,
 v.
 Gracie B. Thompkins, individually and as Personal Representative of the Estate of Joseph Thompkins, Appellants.
 
 
 

Appeal From Horry County
 Clifford L. Welsh, Special Referee
Unpublished Opinion No. 2007-UP-312
Submitted May 1, 2007  Filed June 12, 2007
AFFIRMED

 
 
 
 Ralph J. Wilson, of Conway, for Appellants
 Howell V. Bellamy, Jr., and Robert S. Shelton, of Myrtle Beach, for Respondent.
 
 
 

PER CURIAM:  Gracie Thompkins appeals the special referees decision finding her in contempt of court and awarding costs and attorney fees to Charles Owens.  We affirm.[1]
FACTS
In an order filed January 16, 2003, the special referee found Charles Owens enjoyed a prescriptive easement over Gracie and Joseph Thompkins land for the purpose of accessing his borrow pit.[2]  The special referee further found Owens was entitled to commercial use of the full width of this easement known as Joseph Road.  These findings were not appealed.
On December 14, 2004, Owens motioned the Horry County Court of Common Pleas for a Rule to Show Cause why Gracie and Joseph Thompkins should not be held in contempt of court for violating the January 16, 2003 order.  In his supporting memorandum, Owens alleged the order was violated because the placement of two boats partially obstructed Joseph Road and because Gracie Thompkins stopped trucks as they attempted to enter the site.    Gracie and Joseph Thompkins responded with a motion to Correct and Define Final Order seeking to have the special referee designate the boundaries of the prescriptive easement. 
 
Upon agreement of the parties, the above motions were referred with finality to the special referee.  Subsequent to a hearing on this matter, the special referee, in his April 26, 2005 order, dismissed Gracie and Jospeph Thompkins motion as time barred, held them in contempt of the January 16, 2003 order, and ordered them to pay Owenss costs and attorneys fees.  The special referee denied Thompkins motion to alter or amend the April 26, 2005 order, and she now appeals. 
 
STANDARD OF REVIEW
The power to punish for contempt is inherent in all courts and is essential to preservation of order in judicial proceedings.  Davis v. Davis, 372 S.C. 64, ___, 641 S.E.2d 446, 455 (Ct. App. 2006).  On appeal, the trial courts decision regarding contempt should be reversed only if it is without evidentiary support or if the trial judge has abused his discretion.  Id.  When a party is found to have violated a court order, the question of whether or not to impose sanctions remains a matter for the courts discretion.  Browning v. Browning, 366 S.C. 255, 263, 621 S.E.2d 389, 392-93 (Ct. App. 2005).  An abuse of discretion occurs where either the court is controlled by some error of law or where the order, based upon findings of fact, lacks evidentiary support.  Browning, 366 S.C. at 263, 621 S.E.2d at 393.  
 
LAW/ANALYSIS
Thompkins contends the special referee erred in finding her in contempt for violating his previous order because the order did not identify the location or dimensions of the subject road with specificity.  We disagree.
Contempt results from the willful disobedience of a court order.  Davis, 372 S.C. at ___, 641 S.E.2d at 455.  A willful act is one which is done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.  Widman v. Widman, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001) (quoting Spartanburg County Dept of Soc. Servs. v. Padgett, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988)).  In a contempt proceeding for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondents noncompliance with the order.  Davis, 372 S.C. at ___, 641 S.E.2d at 455.  Once the moving party has made out a prima facie case, the burden is then shifted to the respondent to establish his or her defense and inability to comply with the courts order.  Id.  
 
After the special referees January 2003 order was issued, Thompkins did not make any motion to clarify the boundaries of Owens easement on Joseph Road.  It was only after Owens had filed his rule to show cause that Thompkins informed the special referee that his order had left her unsure of the boundaries of the easement.  This motion was properly found to be time barred, but Thompkins continues to rely upon this reasoning as a defense to her contempt. 
 
Owens utilized testimony, photographs, county records, police incident reports and other written documentation between his counsel and counsel for Thompkins to establish that obstructions were placed upon Joseph Road.  Through photographs and testimony, Owens established that these obstructions did not exist at the time the January 2003 order was issued, and now resulted in non-compliance with that order.  Having established a prima facie case, Owens effectively switched the burden to Thompkins to establish a defense.
Thompkins does not deny that the complained of items were placed where Owens states they were placed; she states that she is not in contempt because she did not know the boundaries of the Joseph Road easement.  Thompkins, having not requested the special referee clarify the boundaries prior to Owenss action, now seeks to plead ignorance as an excuse for failing to comply with the January 2003 order.  However, even after the special referee, in his August 9, 2005 amended order and rule to show cause, specifically instructed Thompkins to relocate all boats, campers, and other vehicles parked along Joseph Lane [Road], Thompkins failed to comply.  
 
In his January 2003 order, the special referee utilized pictures, plats, and affidavits in finding overwhelming evidence that Joseph Road has been in its current location for more than twenty years.  The special referee visited Joseph Road and determined the boundaries represented in a 2001 plat were accurate.  In his April 26, 2006 order which found Thompkins to be in contempt, the special referee noted that he had relied on the boundaries established in the 2001 plat in preparing his January 2003 order.[3]  Further, the 
 
April 2006 order stated that the 2001 plat boundaries were identical to the boundaries noted in the 2005 survey which was provided to the special referee during the contempt hearing.  This 2005 survey included the two boats of which Owens complained and illustrates that each boat is clearly within the boundaries of Joseph Road.          
The special referee found that Owens had shown clearly and convincingly that [Thompkins] had repeatedly violated the January 2003 order as well as the December 2004 order and rule to show cause and the August 2005 amended order and rule to show cause.  Thompkins claims that she did not personally place the objects on or near Joseph Road, however, Thompkins has repeatedly stated that Joseph road is her personal property.  Accordingly, in his April 2006 order, the special referee noted that Thompkins has full control of it [Joseph Road] as it is [her] personal property and that she had continuously permitted [her] tenants to place upon Defendants [Thompkins] private property the many vehicles and other items shown in Plaintiffs [Owens] hearing exhibits.       
Under our limited standard of review and granting the required deference[4] to the special referee who was in a better position to observe the witnesses and adjudge their credibility as well as having the opportunity to visit the site itself, we find there is sufficient evidence to uphold the contempt finding.  Because we find no abuse of discretion and uphold the finding of contempt, we uphold the special referees award of costs and attorneys fees.  
 
CONCLUSION
We find the special referee did not abuse his discretion in finding Thompkins to be in contempt.  Based on the foregoing, the special referees order is
AFFIRMED.
STILWELL, SHORT, and WILLIAMS JJ., concur.         
 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Joseph Thompkins is now deceased.  Any mention of only Thompkins in this appeal refers to Gracie Thompkins individually and as Personal Representative of Josephs estate. 
 
[3] We note the special referee referred to plats, but did not specifically refer to the 2001 plat in his January 2003 order.  However, this was the plat available to the court and the parties during the July 2002 hearings which determined the existence of an easement.
[4] See Shirley v. Shirley, 342 S.C. 324, 329, 536 S.E.2d 427, 429 (Ct. App. 2000) (Because the appellate court lacks the opportunity for direct observation of witnesses, it should accord great deference to trial court findings where matters of credibility are involved.)